IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW HANTZIS, #16438-112                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:09cv195-DCB-JMR

VANCE LAUGHLIN, Warden                                                  RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Andrew Hantzis, an inmate at the Adams County Correctional Center, Washington, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on November 13, 2009. After reviewing the petition [1] and responses [3 & 7], the Court has come to the following conclusion.

Background

Petitioner files the instant request for habeas relief pursuant to 28 U.S.C. § 2241. His only ground for habeas relief presented in the original petition [1] is the following:

> The Due Process Clause mandates that Petitioner be entitled to a Bond Hearing while in Immigration. The Immigration Statutory framework that permits detention without bail of 8 U.S.C. § 1226(c) violated the Due Process Clause contained in the Fifth Amendment to the U.S. Constitution.

As relief, the petitioner seeks an evidentiary hearing be conducted by this Court, that this Court order the respondent to hold an immediate bond hearing and that petitioner be granted bond. *Pet.* [1] p. 7.

As directed, petitioner filed a response [3] and stated that he was convicted of the crime of knowingly and intentionally distributing more than 50 grams of methamphetamine in the United States District Court for the Central District of California on October 19, 2001. Petitioner

was sentenced to serve 211 months in the custody of the Bureau of Prisons. *Resp*. [3] at 2. The projected release date for petitioner is January 27, 2016. *Resp.* [3] at 2. Furthermore, petitioner states that "[h]e has been incarcerated since October 2, 2000," and "has never been released on parole, supervised release or probation." *Resp*. [3] at 2.

A second order [6] directing the petitioner to provide additional information concerning his claim was entered on May 20, 2010. In his response [7], petitioner states that he "does not have a detainer lodged against him by INS or ICE or other immigration authority or other governmental/State agency." Moreover, he states that he "has not completed his term of imprisonment he received for his conviction in the United Sates District Court for the Central District of California and is held solely on his conviction." *Resp.* [7] at 2.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). In the petition [1] presently before this Court, petitioner argues that his "detention without bail [pursuant to ] 8 U.S.C. § 1226(c) violates the Due Process Clause." Initially, this Court finds that 8 U.S.C. § 1226(c) requires "[t]he Attorney General to take into custody any alien" who meets the qualifications of § 1226(c) and has been released. As stated by the petitioner in his response [3], he has not been released. Moreover, in his subsequent response [7], the petitioner states that he does not have a detainer lodged against him and he is presently incarcerated to complete the term of imprisonment he received as a result of a federal criminal conviction in the United States District Court for the Central District of California. At best, this Court finds that this challenge concerning 8 U.S.C. § 1226(c), which is presented as the only ground for habeas relief in his original petition [1], relates to the

2

speculation that once the petitioner completely serves his federal sentence, he will be released, then taken into custody for deportation and will not receive a bond hearing as provided for by 8 U.S.C. § 1226(c). Clearly, such an assertion, is not yet ripe because the petitioner is presently incarcerated and is serving a criminal sentence he received in the United States District Court for the Central District of California and his earliest projected release date is not until 2016. Therefore, the claim presented by the petitioner is "temporally distant and speculative" and thus, "his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' " *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)). Simply put, the instant petition is premature and will not be considered by this Court.

As for petitioner's claim contained in his response [7] relating to being housed in the Adams County Correctional Center, Washington, Mississippi, to serve his sentence, this Court finds that this is a claim concerning a condition of his confinement, *i.e.,* the facility where he is serving his federal criminal conviction, and does not question the fact or duration of his incarceration. Clearly, this claim is not challenging the Bureau of Prisons' execution or calculation of his federal sentence and in fact, does not have any impact on the fact or duration of his confinement. *See Dixon v. Hastings*, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished). Therefore, since this claim is "unrelated to the cause of detention", habeas is not the available remedy. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). However, if petitioner wishes to pursue this concerning where he should be housed to serve his federal conviction, he may do so by presenting same in a civil rights action.

For the reasons set forth above, the petitioner cannot maintain the instant civil action. Specifically, petitioner's claim concerning his immigration bond hearing filed pursuant to 28

U.S.C. § 2241 is dismissed without prejudice so that he may pursue same once the controversy is ripe, *see Gray v. Johnson*, 1998 WL 224065, *1 (5th Cir. Apr. 13, 1998), and as for his conditions of confinement claim relating to being housed in Adams County Correctional Center is dismissed without prejudice so that he may properly present such a claim in a non-habeas proceeding.

A final judgment in accordance with this memorandum opinion and order shall be issued.

SO ORDERED, this the  17th   day of September, 2010.


                               s/David Bramlette
                               UNITED STATES DISTRICT JUDGE